UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
AYANA MUMIN, *individually and on behalf of all others similarly situated*,

                                    Plaintiff,

-against-

MILLER & MILONE, P.C.,

                                  Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

21 Civ. 1553 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Ayana Mumin brings this action against Defendant Miller & Milone, P.C., alleging that Defendant engaged in unlawful credit and collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* (*See generally* Complaint ("Compl."), ECF No. 1.) Before this Court are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF Nos. 40 and 44.) Because Plaintiff has not established a concrete injury for any of her claims and therefore does not have standing, Defendant's motion is GRANTED and Plaintiff's motion is DENIED.

## I.    BACKGROUND

    On April 1, 2019, Plaintiff sustained several injuries in the course of her employment as a correctional officer at Riker's Island. (Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts ("SUMF"), ECF No. 52, ¶¶ 10–11.) She was treated at New York Presbyterian Hospital the next day. (*Id.* ¶ 19.) Approximately one month later, Plaintiff received an invoice stating that she owed monies to the hospital in connection with her treatment. (*Id.* ¶ 22.) In response to the notice, Plaintiff states that she provided the hospital with a Workers' Compensation claim number and related information, which Plaintiff understood to have resolved the matter. (*Id.* ¶ 24.) According

1

to Defendant, Plaintiff never submitted the hospital invoice to either her employer or to Workers' Compensation, and a Workers' Compensation action was never commenced for the injuries at issue.[1] (*Id.* ¶ 38.)

On May 14, 2020, Defendant contacted Plaintiff in writing. (ECF No. 41–2.) In relevant part, Defendant's letter informed Plaintiff that Defendant "represents THE NEW YORK AND PRESBYTERIAN HOSPITAL in connection with your outstanding bill." (*Id.*) The letter requested "insurance or other payment information" in order to resolve the matter, and, in bold print at the bottom of the page, stated, "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR." (*Id.*)

In the Complaint, Plaintiff alleges that Defendant violated the FDCPA by seeking to collect a debt from her that she did not actually owe. (*See generally*, Compl.) Following the close of discovery, Plaintiff alleged that she believes she lost out on a promotion opportunity when her employer learned that she was the target of a collection action from Defendant. (SUMF ¶ 41.)

## II.  LEGAL STANDARD

Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if "it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014). At this stage, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod v. Omya*, 653 F.3d 156, 164 (2d Cir.

---

[1] The parties' factual disputes surrounding this issue are irrelevant to this Court's determination on the instant motion.

2

2011). Thus, a court's goal should be "to isolate and dispose of factually unsupported claims." *Geneva Pharms. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004).

When ruling on a motion for summary judgment, a district court should consider only evidence that would be admissible at trial. *See Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998). "[W]here a party relies on affidavits ... to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant ... is competent to testify on the matters stated.'" *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4)); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge...."); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419 (disregarding "statements not based on [the] [p]laintiff's personal knowledge").

Finally, "[w]here, as here, cross motions for summary judgment are filed, [courts] 'evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" *Byrne v. Rutledge*, 623 F.3d 46, 53 (2d Cir. 2010) (quotation omitted); *see also Dish Network Corp. v. Ace Am. Ins. Co.*, 21 F.4th 207, 212 (2d Cir. 2021) (quotation omitted).

## III. THIS COURT LACKS SUBJECT MATTER JURISDICTION

Plaintiff brings two causes of action under the FDCPA based on Defendant's May 2020 letter. (*See* Compl.) Defendant argues that it is entitled to summary judgment because there is no genuine dispute that: (1) Plaintiff lacks Article III standing to assert a claim under the FDCPA because Plaintiff fails to demonstrate actual injury, (*see e.g.*, Mem. of Law in Supp. of Def.'s Mot. for Summ. J. ("Def.'s MSJ"), ECF No. 42, at 8–12); and (2) the subject letter did not violate the FDCPA as a matter of law, (*see e.g., id.* at 12–21). Plaintiff, in opposing Defendant's Motion and

in bringing her own, argues that she does have Article III standing, (*see e.g.*, Pl.'s Opp. to Def.'s MSJ, ECF No. 53, at 9–11), and that there is at least a genuine dispute as to whether the subject letter violates the FDCPA, (*see id.* at 13–21).

## A. Plaintiff Lacks Constitutional Standing

Standing asks "whether [a] litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "This inquiry involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." *Id.*; *see also, Alliance for Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006) ("Although lack of Article III standing and subject matter jurisdiction are distinct concepts, Article III standing remains, as we have noted, a limitation on the authority of a federal court to exercise jurisdiction") (citation omitted). Of relevance here, constitutional standing requires that the plaintiff have suffered an "injury in fact"—that is, "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan*, 504 U.S. at 561.

The Supreme Court recently clarified the issue of constitutional standing in cases such as these in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), holding that a concrete injury requires more than the existence of a risk of harm that never materializes. The *TransUnion* Plaintiffs—a class of 8,185—alleged that Defendant TransUnion violated the Fair Credit Reporting Act ("FCRA") when it inaccurately flagged the plaintiffs' credit files as "potential match[es]" to persons identified as national security risks by the United States Treasury Department. *Id.* at 2200–02. The Court found that 1,853 class members whose credit reports had

4

been disseminated to third parties had standing because they had suffered a harm akin to defamation, while the remaining 6,332 class members whose reports were never disseminated did not have standing because "[p]ublication is essential to liability in a suit for defamation." *Id.* at 2208–09 (quotations omitted); *see also Schmelczer v. Penn Credit Corp.*, No. 20-CV-2380 (KMK), 2022 WL 862254, at *7 (S.D.N.Y. Mar. 23, 2022) (discussing *TransUnion*). The Court stated in sum: "No concrete harm, no standing." *TransUnion*, 141 S. Ct. at 2200.

Shortly thereafter, the Second Circuit issued its first decision analyzing the implications of *TransUnion* in *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58 (2d Cir. 2021). *See Adler v. Penn Credit Corp.*, No. 19-CV-7084 (KMK), 2022 WL 744031, at *7 (S.D.N.Y. Mar. 11, 2022). In *Maddox*, the Second Circuit overruled a pre-*TransUnion* opinion in which it had held that a lender's delay in recording the satisfaction of a mortgage created an injury in fact. Following the *TransUnion* decision, the Second Circuit vacated its earlier ruling and held that, because the plaintiffs had failed to allege any reputational or monetary harm (including or in addition to any adverse credit reporting), they lacked standing. *Maddox*, 19 F.4th at 64–65. District courts following *TransUnion* and *Maddox* have uniformly held that, absent specific evidence of reputational or monetary harm in FDCPA and FCRA cases, plaintiffs lack constitutional standing. *Adler*, 2022 WL 744031, at *7–8 (collecting cases); *Schmelczer*, 2022 WL 862254, at *7 (same).

Here, Plaintiff has wholly failed to demonstrate that she suffered any concrete harm. In an affidavit submitted in connection with the instant motions, Plaintiff hypothesizes, for the first time, that she believes that she was denied a promotion after her employer discovered that she was the target of a debt collection effort by Defendant. (*See* ECF No. 45, ¶¶ 31-32) ("Although I was not given a specific reason why I was not promoted, I believe that it may have had something to do with Defendant's attempt to collect a debt from me.") Unsupported "beliefs" such as these are

plainly insufficient to overcome summary judgment. *Lujan*, 504 U.S. at 565 ("In response to a summary judgment motion," a plaintiff "can no longer rest on [] mere allegations, but must set forth by affidavit or other evidence specific facts" that raise a genuine issue of material fact); *see also Carter v. HealthPort Techs. LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (same). Plaintiff's affidavit is not "made on personal knowledge," does not "set out facts that would be admissible in evidence," and does not show that she "is competent to testify on the matters stated," as required to raise a genuine issue of material fact. *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quotation omitted.) The only evidence that does exist—Plaintiff's own, sworn admissions during discovery that she has no damages, (*see* Def.'s MSJ at 11)—establish that Plaintiff has not sustained any injury as a result of receiving Defendant's letter.

Accordingly, Plaintiff does not have Article III standing to pursue her FDCPA claims and thus, this Court lacks subject matter jurisdiction over this action. *See e.g., Cortland St. Recovery Corp. v. Hellas Telecomms, S.a.r.l.*, 790 F.3d 411, 416–17 (2d Cir. 2015) ("A district court properly dismisses an action [] for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when ... the plaintiff lacks constitutional standing." (citation omitted)).[2]

## IV. CONCLUSION

Plaintiff has not sufficiently established a concrete, particularized injury for any of her claims. She therefore does not have standing. Defendant's Motion for Summary Judgment, (ECF No. 40), is GRANTED. Plaintiff's Motion for Summary Judgment, (ECF No. 44), is DENIED.

---

[2] Because federal courts may not preside over cases if subject matter jurisdiction is absent, *see Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000), this Court has no occasion to address the substantive merits—or lack thereof—of Plaintiff's claims.

The Clerk of Court is directed to close both motions accordingly and to close this action.

Dated: November 10, 2022
      New York, New York

                                        SO ORDERED.

                                        *George B Daniels* (signature)
                                        GEORGE B. DANIELS
                                        United States District Judge