**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x
AYANA MUMIN, *individually and on behalf of all others similarly situated*,

                            Plaintiff,

-against-

MILLER & MILONE, P.C.,

                            Defendant.
------------------------------------- x

MEMORANDUM DECISION AND ORDER

21 Civ. 1553 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Ayana Mumin moves this court to reconsider its November 10, 2022 Memorandum Decision and Order, which granted Defendant Miller & Milone, P.C.'s motion for summary judgment dismissing Plaintiff's putative class action on the basis of her failure to establish standing for her claims. (November 2022 Order, ECF No. 63.) Plaintiff's motion for reconsideration, (ECF No. 65), is DENIED.

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Winkler v. Metro. Life Ins. Co.*, No. 03 Civ. 9656, 2006 WL 2850247, at *1 (Sept. 28, 2006) (quotation omitted). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or to prevent manifest injustice." *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000). The governing standard is "strict," and

1

the motion "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Plaintiff does not challenge this Court's finding that the undisputed evidence and her own admissions failed to establish standing for her Fair Debt Collection Practices Act ("FDCPA") claim because she has identified no actual damages that she suffered. (Memo. in Supp. of Mot. for Recons., ECF No. 66, at 1.) Instead, Plaintiff argues that this Court erred in granting Defendant's summary judgment motion instead of dismissing the case without prejudice pursuant to Fed. R. Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction. (*Id.* at 1–2.)

Plaintiff is incorrect. A cursory review of the relevant case law shows that courts routinely grant—or, in the case of the Supreme Court, order lower courts to grant—summary judgment on the issue of standing. *See e.g., Lujan v. Defs. of Wildlife*, 504 U.S. 555, 578 (1992) ("We hold that respondents lack standing to bring this action and that the Court of Appeals erred in denying the summary judgment motion filed by the United States."); *California v. Texas*, 141 S. Ct. 2104, 2120 (2021); *Carney v. Adams*, 141 S. Ct. 493, 503 (2020). Indeed, several courts to confront this issue within the FDCPA context have done precisely what this Court did: grant a defendant's motion for summary judgment after finding that the plaintiff had failed to establish standing, and thereby dismiss the case for lack of subject matter jurisdiction. *See e.g., Adler v. Penn Credit Corp.*, No. 19 Civ. 7084, 2022 WL 744031, at *12 (S.D.N.Y. Mar. 11, 2022); *Schmelczer v. Penn Credit Corp.*, No. 20 Civ. 2380, 2022 WL 862254, at *8 (S.D.N.Y. Mar. 23, 2022); *Hurley v. Tozzer, Ltd.*, No. 15 Civ. 2785, 2018 WL 1087946, at *2–3 (S.D.N.Y. Feb. 26, 2018); *Tabbs v. New Rochelle Neighborhood Revitalization Corp.*, No. 94 Civ. 4753, 1995 WL 546950, at *2 (S.D.N.Y. Sept. 14, 1995); *Kola v. Forster & Garbus LLP*, No. 19 Civ. 10496, 2021 WL 4135153, at *8

2

(S.D.N.Y. Sept. 10, 2021); *Snyder v. LVNV Funding LLC*, No. 21 Civ. 7794 (CS), 2023 WL 1109645, at *7 (S.D.N.Y. Jan. 30, 2023).

In any event, Plaintiff does not meet the standard for a motion for reconsideration because she relies on the same arguments she presented in opposition to Defendant's motion for summary judgment, which this Court has already considered and rejected. (*See* ECF No. 53, at 9–10); *Shrader*, 70 F.3d at 257 (motion for reconsideration is not an opportunity for litigants to reargue previous positions). Plaintiff does not present any previously overlooked controlling decisions or data. Nor has she presented any new facts which did not exist or could not have been presented earlier.

Plaintiff's arguments for reconsideration are therefore without merit, and her motion for reconsideration, (ECF No. 65), is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: March 30, 2023
       New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3